UNITED STATES DISTRICT COURT
DISTRICT OF TEXASEW JERSEY

| | |
|---|---|
| CARDIACSENSE LTD <br> 6 LESHEM STREET <br> NORTH CAESAREA PARK <br> CAESAREA, ISRAEL 3079870 <br>                 Plaintiff <br>    v. <br> CASIO COMPUTER COMPANY LTD. <br> 6-2, HON-MACHI 1-CHOME <br> SHIBUYA-KU, TOKYO 151-8543 <br> JAPAN. <br>                 Defendant | Case No. 2:25-cv-674 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CardiacSense LTD ("CardiacSense"), by its undersigned counsel, alleges as follows for its Complaint against Defendant Casio Computer Company Ltd. ("Casio").

**THE NATURE OF THIS ACTION**

1. CardiacSense brings this action against Casio pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent 7,980,998.

**THE PARTIES**

2. Plaintiff CardiacSense is an Israeli corporation with a headquarters at 6 Leshem Street, North Caesarea Park, Caesarea, Israel 3079870 and is the owner of the Patent-in-Suit.

3. Defendant Casio is a corporation organized under the laws of the Japan.and manufactures, imports and sells products generally referred to as G-SHOCK Series

-1-

Watches, including the GBDH2000 series 6 Sensor + GPS Multi-Sport Watches.  Casio makes, imports, uses, offers to sell and sells the accused products throughout the United States, including in This District.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

5. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question and 1391(c)(3) foreign corporation.

6. This Court has personal jurisdiction over Defendant Casio.

7. On information and belief, Defendant maintains its principal place of business located at a place of business at 6-2, Hon-machi 1-chome, Shibuya-ku, Tokyo 151-8543, Japan.

8. Defendant may be served through its United States operating company, Casio America, Inc. with a principal place of business in Dover, NJ.

9. Defendant is subject to this Court's specific and general personal jurisdiction under due process due at least to Defendant's substantial business in this judicial district, including: (i) at least a portion of the infringements alleged herein; (ii) regularly transacting, doing, and/or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District; and (iii) having an interest in, using or possessing real property in Texas.

10. Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through its inducement of third parties, and offers its

products or services, including those accused of infringement here, to customers and potential customers located in this District.

11. Defendant has purposefully directed infringing activities at residents of the State of Texas, and this litigation results from those infringing activities. Defendant regularly sells (either directly or indirectly), its products within this District. For example, upon information and belief, Defendant has placed and continues to place its products into the stream of commerce via an established distribution channel with the knowledge or understanding that such products are being and will continue to be sold in this District and the State of Texas. Defendant is subject to this Court's specific and/or general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due to its substantial and pervasive business in this State and District, including its infringing activities alleged herein, from which Defendant derives substantial revenue from goods sold to Texas residents and consumers.

12. Defendant commits acts of infringement from this District, including, but not limited to, use of the products identified below.

13. Defendant has authorized sellers and sales representatives that offer and sell products identified in this Complaint throughout the State of Texas, including in this Judicial District, and to consumers throughout this Judicial District, through numerous retail stores, including in Marshall, Texas.

14. Therefore, venue is proper against Defendant in this District pursuant to 28 U.S.C. §1400(b) and 1391(c)(3) against a foreign corporation..

**BACKGROUND AND GENERAL ALLEGATIONS**

15. Eldad Shemesh and Liat Shemesh-Granot filed a patent application for their

invention which provides a training device for measuring a training activity. Their inventive device was granted United States Patent 7,980,998 ("the '998 patent").

16. Defendant manufactures and sells products known generally as sport / training watches, including, but not limited to, the following:

> G-SHOCK Watches
> G-SHOCK GBDH2000
> G-SHOCK GBDH2000-2
> G-SHCOK GBDH2000-1A
> G-SHOCK GBDH2000-1A9
> 6-Sensor+GPS Multi Sport Watches

17. The accused Casio Watches products infringe claims of the '998 Patent.

18. On July 19th, 2011, United States Patent No. 7,980,998, entitled "Training and Instructing Support Device" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '998 Patent claims patent-eligible subject matter and is valid and enforceable. CardiacSense is the exclusive owner by assignment of all rights, title, and interest in the '998 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '998 Patent. Defendant is not licensed to the '998 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '998 patent whatsoever. A true and correct copy of the '998 Patent is attached hereto as **Exhibit A**.

19. Plaintiff is the owner of the entire right, title, and interest in the '998 Patent also referred to herein as the "Patent-in-Suit." The patent-in-suit is presumed valid under 35 U.S.C. § 282. Plaintiff has at all time complied with the marking requirements of 35 USC §287.

**THE PATENT**

20. The claims of the '998 patent are directed to "A personal device for measuring a

training activity of a trainee." Claim one of the '998 patent recites:

> A personal device for measuring a training activity of a trainee having a body part which moves and changes its location and orientation, during said training activity, this movement at least partially defining said training activity, said device comprising:
> (a) a sensing unit adapted to repeatedly measure, during said training activity, parameters associated with the movement of said body part and characterizing the location and orientation of said body part relative to its initial location and orientation, and wherein said sensing unit comprising at least accelerometer means, a compass and optionally gyroscope means, said accelerometer means being adapted to measure linear acceleration of said body part along three axes, said gyroscope means being adapted to measure angular acceleration of said body part around said three axes, and said parameters being at least linear and angular acceleration values;
> (b) means for attaching the sensing unit to said body part; and
> (c) a processor adapted to receive from the sensing unit said parameters, and to calculate based thereon, data indicative of said training activity, said data including at least the location and orientation of said body part for each of the measurements.

**INFRINGEMENT**

21.     Casio's accused devices and components infringe claims of the '998 patent. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '998 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products, including products in addition to the examples of accused products listed above.

22.     Defendant also indirectly infringes the '998 patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendant has knowingly and intentionally, at least since the filing of this action, actively aided, abetted and induced others to directly infringe at least one claim of the '998 patent, including its customers throughout the United States. Defendant continues to induce infringement of the '998 patent. Defendant has contributorily infringed and continue to be contributory infringing under 35 U.S.C. §271(c)

because, with knowledge of the '998 patent, they supply a material part of an infringing device, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '998 patent, Defendant supplies the technology that allows its customers to infringe the patent.

23. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant's Accused Products directly infringe and when used according to Defendant's instructions for operation, indirectly infringe claims of the '998 Patent.

24. Attached as **Exhibit B, C and D** to the Complaint are exemplary claim charts demonstrating the correspondence of the operation of the exemplary accused products with elements of exemplary claims of the '998 patent.

25. Defendant and its customers have continued infringement.

26. The accused products satisfy the elements of the asserted claims as illustrated in the attached charts.

27. Defendant has infringed, and continues to infringe, at least claims 1-7, 10, and 12-16 of the '998 Patent, under 35 U.S.C. § 271(a)(b) and/or (c), by (a) making, using, offering to sell, selling and/or importing into the United States, devices that infringe the asserted claims in the United States, (b) by inducing others to use the accused products and/or sell the accused products in the United States, (c) by contributing to the infringement of others and by selling components of the patented devices and (b & c) by selling a product for performing the patented process. Defendant continues to manufacture, use, offer to sell, sell and import accused products. The accused products are also being used to infringe.

28. The Accused Products, are infringing devices. Thus Defendant with its native

applications directly infringes '998 Claims 1-7, 10, and 12-16. The Accused Devices include a training activity monitoring device as well as software and thus directly infringe '998 Claims 1-7, 10, and 12-16.

29. The accused devices can also connect with the Android and Apple applications that run on a mobile phone. The accused devices, in combination with an application running on a mobile phone, is also an infringing device that directly infringes '998 Claims 1-7, 10, and 12-16 under 35 USC 271(a) when sold and/or provided by Defendant and when used by Defendant.

30. The '998 patent is also infringed under 35 USC 271(b) when Defendant "induces" others, the direct infringers, the users of the watch that are exercising, to use the device with the internal or mobile software as an infringing device.

31. Upon information and belief, Defendant has directly infringed one or more of claims of the '998 patent under 35 USC §271(a):

> (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, offering to sell, selling and importing accused products in the United States. Defendant continues to infringe claims of the '998 Patent.

32. Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '998 patent under 35 USC §271(b):

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

by providing accused products, with instructions, which are used according to the

instructions and thereby inducing others to use the products in an infringing manner.

33. Defendant has been willfully infringing the '998 Patent since at least as early as they became aware of the '998 Patent. Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendant has intentionally continued their knowing infringement.

34. As a result of Defendant's infringement of the '998 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**COUNT I -- DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,980,998**

35. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

36. Defendant Casio has infringed, and continues to directly infringe, at least claims 1-7, 10, and 12-16 of the '998 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

37. Defendant does not have a license or authority to use the '998 Patent.

38. As a result of Casio's infringement of the '998 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**COUNT II -- INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,980,998**

39. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

40. Upon information and belief, Defendant Casio has indirectly infringed one or more of the claims of the '998 patent, including at least claims 1-7, 10, and 12-16 under 35 USC

§271(b) by providing accused products, with instructions, which are used according to the instructions and thereby inducing others to use the products in an infringing manner.

41. Defendant does not have a license or authority to use the '998 Patent.

42. As a result of Casio's infringement of the '998 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**PRAYER FOR RELIEF**

A. For a judgment declaring that Casio has infringed the '998 Patent.

B. For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining Casio from further acts of infringement;

C. For a judgment awarding Plaintiff compensatory damages as a result of Casio's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '998 Patent in an amount to be determined at trial;

D. For a judgement and order awarding a compulsory ongoing royalty;

E. For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

F. For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid; and

G. For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands

trial by jury as to all claims in this litigation.

Date: July 2, 2025                                              Respectfully Submitted:

                                                                 */s/ Joseph J. Zito*
Joseph J. Zito
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
202-466-3500
jzito@dnlzito.com

Benjamin C. Deming
DNL ZITO
3232 McKinney Ave, Suite 500
Dallas, Texas 75204
(214) 799-1145
bdeming@dnlzito.com

*Attorneys for CardiacSense, LTD*